**Kleodis Byrd ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–09–00570–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 4, 2010.

Decided Nov. 17, 2010.

Stephen C. Taylor, Conroe, for appellant.

Brett W. Ligon, Dist. Atty., Darla Faulkner, Marc Brumberger, Asst. Dist. Attys., Conroe, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

After entering a plea bargain agreement, Kleodis Byrd Roberts pled guilty to a charge of theft, which was enhanced by prior convictions. *See* Tex. Penal Code Ann. §§ 12.42, 31.03 (West Supp.2010). The trial court sentenced Roberts to serve two years in the Correctional Institutions Division of the Texas Department of Criminal Justice. In a single issue, Roberts argues the trial court erred in ordering her to pay Montgomery County $855 in attorney's fees that were awarded in the trial court's judgment. Because there was no evidence to support an award of fees, we sustain Roberts's sole issue and modify the judgment to delete the attorney's fees award; otherwise, we affirm the judgment.

### Background

Prior to entering her plea, Roberts filed a motion in which she asked the trial court to find that she was financially unable to pay fees for her court-appointed attorney. *See* Tex.Code Crim. Proc. Ann. art. 26.05(g) (West Supp.2010). However, the

trial court did not hear Roberts's motion until after it had sentenced her. Roberts's court-appointed attorney advised the trial court that he had been appointed because Roberts was indigent, and that she "does not presently have the means to repay the county for court-appointed counsel." Roberts also volunteered that she received social security disability because of a mental disability, but she was never asked to state the amount she received in disability, nor was the record developed regarding her expenses or whether she had additional resources. Instead, the trial judge expressly stated that he would accept the statement of her appointed counsel that Roberts was and remained indigent.

After accepting Roberts's attorney's statement that Roberts was and remained indigent, the trial court then denied her motion, stating "I think [section] 26.05 [of the Texas Code of Criminal Procedure] looks into the future. I think in the future you can get a job and help. Every time you play the Lotto, the State of Texas will play the Lotto with you." The trial court then ordered Roberts to pay $855 in attorney's fees to defray the expense of having received court-appointed counsel.

## Jurisdiction

■ Before addressing the issue Roberts raises—whether the trial court erred in ordering her to repay Montgomery County for court-appointed attorney's fees—we first address whether Roberts has the right to pursue an appeal. In a criminal case, a defendant, sentenced under the terms of a plea-bargain agreement, can only appeal "(A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." Tex.R.App. P. 25.2(2). During the hearing, the trial court informed Roberts that to appeal from a plea bargain, the trial

court would need to give her permission to appeal. At the conclusion of the hearing, the trial court told Roberts that she could appeal its ruling concerning the court's imposing an obligation on her to pay attorney's fees.

However, the trial court's certification of appellant's right to appeal states that Roberts's criminal case "is a plea-bargain case, and the defendant has NO right of appeal[.]" Under this statement, the trial court altered the certification form and inserted the statement, "except the Art. 26.05 issue." Article 26.05 generally concerns the payment of court-appointed counsel, and article 26.05(g) provides the trial court with discretion to require the defendant to contribute to the expenses of a court-appointed attorney in the following circumstance:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

Tex.Code Crim. Proc. Ann. art. 26.05(g).

Because the trial court's certification did not comply with the form created by the Court of Criminal Appeals for certifications, we inquired of the parties whether we could exercise jurisdiction over Roberts's appeal. Both parties replied, and both agree that the trial court intended to grant Roberts permission to appeal from the trial court's ruling that taxed Roberts with attorney's fees.

The trial court's certification is based on a form promulgated by the Court of Criminal Appeals. By order, the Court of Criminal Appeals provided a form for trial courts to use that it titled "Certification of Defendant's Right of Appeal." *See* Tex.

R.App. P.App. D (Amended May 2, 2007 and Aug. 20, 2007, eff. Sept. 1, 2007). While the trial court used this form, it altered it by inserting the language we have previously identified. But, the form promulgated by the Court of Criminal Appeals does not appear to constitute the sole means by which a trial court can signify its decision to grant permission to appeal. *See Carroll v. State*, 119 S.W.3d 838, 841 (Tex.App.-San Antonio 2003, no writ) (explaining that no rule or order prescribes the use of the form provided by the Court of Criminal Appeals, and that the form may be modified to reflect that a defendant has the right to appeal under circumstances not addressed by the form). Having reviewed the trial court's certification, the parties' responses to our jurisdictional inquiry, the transcript of the hearing, and the parties' briefs, we hold that the trial court certification is sufficient to indicate that the trial court gave Roberts permission to appeal its ruling to the extent the judgment required her to pay the county for having received the benefit of court-appointed counsel. *See* Tex.R.App. P. 25.2(a)(2)(B). We conclude that we have jurisdiction of Roberts's appeal.

Taxing Fees of Court–Appointed Counsel

 Article 26.05(g) of the Texas Code of Criminal Procedure provides trial courts with discretionary authority to order reimbursement of appointed attorney's fees when the "defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided[.]" Tex.Code Crim. Proc. Ann. art 26.05(g). The Court of Criminal Appeals, after the date the trial court entered the judgment at issue here, addressed whether a record contained sufficient evidence to show that a trial court made a sufficient inquiry before requiring the defendant to pay court-appointed-attorney's fees. *Mayer v. State*, 309 S.W.3d 552, 556

(Tex.Crim.App.2010). The Court affirmed a judgment by the Amarillo Court of Appeals, which had determined that a trial court had erred in awarding attorney's fees under article 26.05(g) "in the absence of 'evidence to demonstrate appellant's financial resources to offset the costs of the legal services[.]' " *Id.* at 553, 558 (quoting *Mayer v. State*, 274 S.W.3d 898, 901 (Tex. App.-Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex.Crim.App.2010)). The Court of Criminal Appeals specifically noted that under section 26.04(p) of the Code of Criminal Procedure, " '[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.' " *Id.* at 557 (quoting Tex.Code Crim. Proc. Ann. art. 26.04(p) (West Supp.2010)).

Here, the trial court determined that Roberts was indigent when it initially appointed her counsel, and again when it appointed her counsel to represent her in this appeal. At the hearing, her counsel represented to the trial court that Roberts had continuously resided in the county jail from her arrest until the day of her sentencing, she had no income, and that she had no opportunity to earn any income. Roberts's counsel concluded that following his appointment, Roberts remained indigent and that she did not have the means to repay Montgomery County for her court-appointed attorney's fees. Roberts told the trial court that she did receive "SSI disability payments[,]" but no evidence was presented as to the amount she received or whether she had been receiving these payments when she was originally appointed trial counsel.

Having carefully reviewed the record, we find nothing in it to support a finding that Roberts's financial circumstances had materially changed. The trial court's pre-

sumption that Roberts might be able to get a job in the future does not tend to prove that she presently has financial resources enabling her to offset the expense incurred by the county to pay for court-appointed attorney's fees. Further, without evidence to indicate that Roberts had not received disability payments prior to the trial court's having found her indigent, her isolated statement that she received SSI payments during the guilty plea proceeding is no evidence that there had been a material change in Roberts's financial circumstances.

Based on this record, there was no evidence to show that Roberts's finances had undergone a "material change." *See Mayer*, 309 S.W.3d at 557; *see also* Tex.Code Crim. Proc. Ann. art. 26.04(p). Therefore, no evidence supports the trial court's decision that Roberts "has" the ability to pay her attorney's fees. *See* Tex.Code Crim. Proc. Ann. art. 26.05(g); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.-Amarillo 2009, no pet.) ("There must be some factual basis in the record illustrating that an accused is capable of paying a legal fee levied under art. 26.05(g) of the Code of Criminal Procedure."). We sustain Roberts's sole issue.

The State contends that if we sustain Roberts's issue, we should abate this appeal and remand the matter to the trial court for an evidentiary hearing regarding Roberts's financial resources because the trial court denied the State the opportunity to respond to the issue. However, the Court of Criminal Appeals, concluding that a challenge to an article 26.05(g) ruling amounted to a sufficiency inquiry, held that

> [w]hen claims of insufficient evidence are made, the cases are not usually remanded to permit supplementation of the record to make up for alleged deficiencies in the record evidence. Suffi-

ciency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict. *Mayer*, 309 S.W.3d at 557. Here, the record does not support the State's argument that the trial court precluded the State from presenting evidence to show that Roberts's financial circumstances had materially changed. *See id.* at 556–57.

In light of the Court of Criminal Appeals's holding in *Mayer*, we hold that the trial court abused its discretion in taxing Roberts with attorney's fees. Accordingly, we modify the judgment to delete the portion requiring that she pay attorney's fees in the amount of $855. In all other respects, the judgment is affirmed.

AFFIRMED AS MODIFIED.