COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| DARRYL KENNEDY GIPSON, | | No. 08-10-00302-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 264th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Bell County, Texas |
| | § | |
| Appellee. | | (TC # 66355) |
| | § | |

**O P I N I O N**

Darryl Kennedy Gipson appeals his conviction of forgery by passing.  He waived his right to a jury trial and entered an open plea of guilty.  The trial court found Appellant guilty and assessed his punishment at confinement for eighteen months in the state jail.  Finding that the evidence is insufficient to support the order requiring Appellant to repay the court-appointed attorney's fees, we delete that order from the judgment and affirm the judgment as so modified.

**REPAYMENT OF ATTORNEY'S FEES**

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence supporting the order requiring him to repay attorney's fees for his court-appointed counsel.  The State concedes that Appellant was found by the trial court to be indigent and the evidence is insufficient to prove any material change in Appellant's circumstances.

Following his arrest but before indictment, Appellant completed a financial questionnaire indicating that he lived in a homeless shelter and had no income.  A judge found Appellant to be indigent and appointed counsel to represent him until the "charges are dismissed, the defendant is

acquitted, appeals are exhausted, or until relieved by the court or replaced by other counsel."

After indictment, Appellant entered a plea of guilty and the trial court sentenced Appellant to confinement in the state jail for eighteen months. At the sentencing, the trial court informed Appellant that he would be ordered to pay court costs and attorney's fees following his release if he found a job, but the court noted that Appellant would not be required to pay if he was financially unable to do so. The trial court included in the judgment of conviction an order requiring Appellant to pay $252 for attorney's fees. Following his conviction, Appellant filed a sworn statement of indigency and he requested that he be provided with a free appellate record. The trial court granted the motion for a free appellate record.

Article 26.04 of the Code of Criminal Procedure governs the procedures for appointing counsel in a criminal case. TEX.CODE CRIM.PROC.ANN. art. 26.04 (West Supp. 2010). A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstance occurs. TEX.CODE CRIM.PROC.ANN. art. 26.04(p)(West Supp. 2010). Article 26.05(g) provides that:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX.CODE CRIM.PROC.ANN. art. 26.05(g)(West Supp. 2010).

The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination under Article 26.05(g) and they must be supported by evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010). A defendant is permitted to challenge the sufficiency of the evidence supporting these elements without raising any objection

in the trial court. *See id.* The sufficiency of the evidence supporting the Article 26.05(g) elements is measured by viewing all of the record in the light most favorable to the trial court's determination on the issue. *Mayer*, 309 S.W.3d at 557. When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *See Mayer*, 309 S.W.3d at 557.

Appellant states his issue in terms of a factual sufficiency challenge, but he argues that there is "no evidence" to support the findings necessary to sustain the trial court's order regarding repayment of attorney's fees, and he requests that we render the judgment the trial court should have rendered on this issue. Therefore, we have construed Appellant's argument as a challenge to the legal sufficiency of the evidence. *See Varkonyi v. State*, 276 S.W.3d 27, 36 (Tex.App.--El Paso 2008, pet. ref'd)(court of appeals construed defendant's brief as raising only a legal sufficiency argument, where the brief did not include an argument demonstrating how the evidence was factually insufficient, and in his prayer, defendant only requested reversal of the judgment of the trial court and a judgment of acquittal).

The State concedes, and we agree, after reviewing the record in the light most favorable to the trial court's decision, that the record contains no evidence that Appellant had the financial resources or the ability to pay a portion or all of his court-appointed attorney's fees. Likewise, we agree with the State that the evidence does not support a finding that Appellant's financial circumstances had materially changed since he was determined to be indigent. The record reflects that the trial court instead based its order requiring Appellant to pay his court-appointed attorney's fees on the expectation that Appellant might be able to find a job following his release from the state jail. The Beaumont Court of Appeals addressed the same issue in *Roberts v. State*, 327 S.W.3d 880 (Tex.App.--Beaumont 2010, no pet.). It concluded that the trial court's

presumption that the defendant might be able to get a job in the future does not tend to prove that she presently had the financial resources enabling her to offset the expense incurred by the county to pay for court-appointed attorney's fees. *Id.* at 883. Consequently, the court of appeals found the evidence insufficient to show that the defendant's financial circumstances had materially changed. *Id.* Likewise, the court found no evidence supported the court's determination that the defendant had the ability to pay her attorney's fees. *Id.* We agree with the court of appeals' analysis and apply it to the instant case.[1] We sustain the sole issue presented on appeal and modify the judgment by deleting the requirement that Appellant pay court-appointed attorney's fees in the amount of $252. We affirm the judgment as modified.

July 29, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[1] This case was transferred from the Beaumont Court of Appeals to this Court pursuant to a docket equalization order entered by the Texas Supreme Court. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2005). Even if we disagreed with the *Roberts* case, we would be required to follow it. *See* TEX.R.APP.P. 41.3.