# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00140-CR

**Albert Eugene Jackson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 67116, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Albert Eugene Jackson pled guilty to injury to a child.  *See* Tex. Penal Code Ann. § 22.04 (West 2011).  There was no plea bargain, and the trial court assessed punishment at ten years' imprisonment.  In his only issue on appeal, Jackson contends that the evidence does not support the court's order that he pay his court-appointed attorney's fees.  The State concedes error.

A judge found Jackson to be indigent based on his completion of a financial questionnaire in which Jackson stated that he was unemployed, had no income, owned no property, and lived with his parents.  Counsel was appointed to represent him until the "charges are dismissed, the defendant is acquitted, appeals are exhausted, or until relieved by the court or replaced by other counsel."  During Jackson's punishment hearing, the trial court inquired whether Jackson had the ability to work after his release from prison and then pay his attorney's fees.  Jackson answered affirmatively. The trial court verbally ordered him to pay attorney's fees in the case, but also

informed Jackson that both an attorney and the reporter's record would be furnished to him on appeal if he could not afford to pay for them. The trial court included in the judgment of conviction an order requiring Jackson to pay attorney's fees of $438.

Article 26.04 of the Texas Code of Criminal Procedure governs the procedures for appointing counsel in a criminal case. Tex. Code Crim. Proc. Ann. art. 26.04 (West Supp. 2010). A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. *Id.* art. 26.04(p). A trial court's authority to order a defendant to repay the cost of court-appointed counsel depends upon the court's determining that the "defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided." *Id.* art. 26.05(g) (West Supp. 2010).

The defendant's present financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). No trial objection is required to preserve the sufficiency of the evidence for appellate review. *Id.* When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557.

Appointed counsel represented Jackson at trial after he was determined to be indigent and continues to represent him on appeal. The State acknowledges that there is no evidence that Jackson's financial circumstances materially changed after the court's initial finding of indigency. Having carefully reviewed all of the record evidence in the light most favorable to the trial court's ruling, we agree with the parties that nothing in the record supports a finding that Jackson's financial

2

circumstances had materially changed. *See id.* (explaining standard of review that applies to trial court's decision to order defendant to pay attorney's fees). As noted above, Jackson answered affirmatively when the trial court inquired whether Jackson had the ability to work after his release from prison and then pay his attorney's fees. But Jackson's affirmative answer is not evidence that his financial circumstances had changed between the time of the trial court's original indigency determination and the court's order to pay attorney's fees; instead, it indicates a mere possibility of changed *future* circumstances. *See Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.) (concluding that trial court's presumption that defendant might be able to find work in the future did not tend to prove that she presently had financial resources enabling her to pay attorney's fees).

We sustain Jackson's sole issue. The trial court's judgment is modified to delete the order that Jackson pay $438 in attorney's fees. As modified, the judgment of conviction is affirmed.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Modified, and as Modified, Affirmed

Filed: December 16, 2011

Do Not Publish