TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00219-CR






Sherman Boswell Mack, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 67446, THE HONORABLE JOE CARROLL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Sherman Boswell Mack waived his right to a jury trial and entered an open plea of
guilty to the third degree felony offense of family violence assault by strangulation. See Tex. Penal
Code Ann. § 22.01(a)(1), (b)(2)(B) (West 2011). The trial court found Mack guilty and assessed his
punishment at confinement for nine years in the Institutional Division of the Texas Department of
Criminal Justice. See id. § 12.34 (West 2011). On appeal, Mack contests the trial court's order for
the repayment of court appointed attorney's fees in the judgment of conviction. We sustain Mack's
point of error and modify the judgment to delete the attorney's fees award; otherwise, we affirm
the judgment.



REPAYMENT OF ATTORNEY'S FEES

 Following his arrest but before indictment, Mack completed a financial questionnaire
indicating that he received public assistance (food stamps and SSI), was not employed, owned no
property, and had no assets. The trial court found Mack to be indigent and appointed counsel to
represent him. After indictment, Mack entered an open plea of guilty and the trial court sentenced
Mack to nine years' imprisonment. At the punishment hearing, the trial court made no determination
about Mack's financial abilities and did not indicate that Mack would be ordered to pay attorney's
fees. However, the trial court included in the judgment of conviction an order requiring Mack to pay
$560 for attorney's fees after his release from prison.

 In his sole issue on appeal, Mack challenges the sufficiency of the evidence
supporting the order requiring him to repay attorney's fees for his court-appointed counsel. He
argues that there is no evidence from which the trial court could have concluded that he had the
ability to repay his attorney's fees. Therefore, he requests that we modify the judgment by deleting
the provision ordering the payment of attorney's fees.

 Article 26.05 of the code of criminal procedure provides that, if the trial court
determines that a defendant has the financial resources that enable him to offset in whole or in part
the costs of the legal services provided, the court shall order the defendant to pay, as court costs, the
amount that it finds the defendant is able to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West
Supp. 2010); see also Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). An accused
found to be indigent is presumed to remain so absent proof of a "material change" in his financial
circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p). A defendant's "financial resources and
ability to pay are explicit critical elements in the trial court's determination of the propriety of
ordering reimbursement of costs and fees." Mayer, 309 S.W.3d at 556.

 At the sentencing hearing, Mack testified that he received $637 per month in
disability payments and had done so "since he was a kid." He also testified that due to his
disabilities and resulting illiteracy, he never had any meaningful employment. In testifying about
his willingness to comply with conditions of community supervision should the court grant
probation, Mack agreed that he would sacrifice in order to pay all fines, fees, and costs associated
with community supervision. In addition, he indicated that if released from jail and placed on
community supervision he would live with his mother.

 The State argues that Mack's testimony at the sentencing hearing constitutes evidence
rebutting the presumption of continued indigence that supports the trial court's order for the
repayment of attorney's fees. The State maintains that this evidence was a change from the
information upon which the initial indigency determination was made because Mack's income went
from $0 to $637 per month. The State further asserts that Mack should not be permitted to mislead
the court as to his financial circumstances and then subsequently testify to something different
without that difference constituting a material change in circumstances. The State contends that the
presumption of indigency "cannot continue when the truth of income is revealed at trial."

 However, Mack indicated on the financial questionnaire that he received public
assistance, both food stamps and SSI, and had done so all his life. The form does not ask, nor
provide a place for Mack to indicate, the amount of his SSI disability benefits. Nevertheless, based
on this questionnaire, the trial court had information reflecting that Mack received disability
payments at the time the court determined that Mack was indigent. We do not find that simply
providing the amount of those disability payments at a later date, when specifically asked, constitutes
a "material change" in financial circumstances.

 The State relies on Roberts v. State, where, in finding that the trial court abused its
discretion in assessing court-appointed fees, the court of appeals noted that while Roberts told the
trial court that she received SSI disability payments, "no evidence was presented as to the amount
she received or whether she had been receiving these payments when she was originally appointed
trial counsel." Roberts v. State, 327 S.W.3d 880, 884 (Tex. App.--Beaumont 2010, no pet.). The
State argues that evidence in the record here, unlike Roberts, reflects both the amount Mack received
in SSI disability payments and the fact that he was receiving SSI disability payments at the time the
trial court originally found him to be indigent. While this is true, we do not find Roberts to support
the proposition that if that particular evidence is presented, as it was in this case, the evidence
demonstrates a material change in circumstances. In Roberts, the court of appeals held that "without
evidence to indicate that Roberts had not received disability payments prior to the trial court's having
found her indigent, her isolated statement that she received SSI payments during the guilty plea
proceeding is no evidence that there had been a material change in Roberts's financial
circumstances." Id. (emphasis added). In other words, the record did not contain sufficient evidence
to support a finding of a material change. The focus is not on what the evidence is, but whether that
evidence demonstrates a change in circumstances.

 Here, Mack's indigency was determined prior to trial and counsel was appointed. (1) 
No evidence was presented at the punishment hearing that indicated a change in his financial
circumstances. Mack received public assistance, including SSI disability benefits, at the time he was
determined to be indigent and the record reflects that at the time of sentencing Mack still received
public assistance, including SSI disability benefits. There was no change in Mack's status as a
recipient of public assistance. Further, contrary to the State's suggestion, the additional testimony
about living with his mother if released and his willingness to sacrifice in order to comply with the
financial requirements of community supervision does not constitute evidence reflecting a change
in his finances.

 Based on this record, there was no evidence to show that Mack's finances had
undergone a "material change." See Mayer, 309 S.W.3d at 557; see also Tex. Code Crim. Proc.
Ann. art. 26.04(p). The presumption of indigence was never rebutted. Therefore, no evidence
supports the trial court's implicit decision that Mack has the ability to pay his attorney's fees. See
Tex. Code Crim. Proc. Ann. art. 26.05(g); Dominguez v. State, 363 S.W.3d 926, 934 (Tex.
App.--Austin 2012, no pet.) (record must contain some evidence of material change in defendant's
financial circumstances); Barrera v. State, 291 S.W.3d 515, 518 (Tex. App.--Amarillo 2009, no
pet.) ("There must be some factual basis in the record illustrating that an accused is capable of
paying a legal fee levied under art. 26.05(g) of the Code of Criminal Procedure."). The evidence was
insufficient to support the trial court's order for the repayment of attorney's fees after Mack's release
from prison. We sustain Mack's sole point of error.


CONCLUSION

 Finding that the evidence is insufficient to support the order in the judgment requiring
Mack to repay the court appointed attorney's fees, we delete that order from the judgment and affirm
the judgment as so modified.


 __________________________________________

 Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Modified, and as Modified, Affirmed

Filed: June 28, 2012

Do Not Publish

1. We also note that the record here reflects that Mack, like Roberts, has appointed counsel
representing him on appeal, though it appears to be the same counsel appointed for trial. See Roberts
v. State, 327 S.W.3d 880, 884 (Tex. App.--Beaumont 2010, no pet.).