# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00219-CR

**Sherman Boswell Mack, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 67446, THE HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sherman Boswell Mack waived his right to a jury trial and entered an open plea of guilty to the third degree felony offense of family violence assault by strangulation. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West 2011). The trial court found Mack guilty and assessed his punishment at confinement for nine years in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.34 (West 2011). On appeal, Mack contests the trial court's order for the repayment of court appointed attorney's fees in the judgment of conviction. We sustain Mack's point of error and modify the judgment to delete the attorney's fees award; otherwise, we affirm the judgment.

## REPAYMENT OF ATTORNEY'S FEES

Following his arrest but before indictment, Mack completed a financial questionnaire indicating that he received public assistance (food stamps and SSI), was not employed, owned no property, and had no assets. The trial court found Mack to be indigent and appointed counsel to represent him. After indictment, Mack entered an open plea of guilty and the trial court sentenced Mack to nine years' imprisonment. At the punishment hearing, the trial court made no determination about Mack's financial abilities and did not indicate that Mack would be ordered to pay attorney's fees. However, the trial court included in the judgment of conviction an order requiring Mack to pay $560 for attorney's fees after his release from prison.

In his sole issue on appeal, Mack challenges the sufficiency of the evidence supporting the order requiring him to repay attorney's fees for his court-appointed counsel. He argues that there is no evidence from which the trial court could have concluded that he had the ability to repay his attorney's fees. Therefore, he requests that we modify the judgment by deleting the provision ordering the payment of attorney's fees.

Article 26.05 of the code of criminal procedure provides that, if the trial court determines that a defendant has the financial resources that enable him to offset in whole or in part the costs of the legal services provided, the court shall order the defendant to pay, as court costs, the amount that it finds the defendant is able to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). An accused found to be indigent is presumed to remain so absent proof of a "material change" in his financial circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p). A defendant's "financial resources and

2

ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556.

At the sentencing hearing, Mack testified that he received $637 per month in disability payments and had done so "since he was a kid." He also testified that due to his disabilities and resulting illiteracy, he never had any meaningful employment. In testifying about his willingness to comply with conditions of community supervision should the court grant probation, Mack agreed that he would sacrifice in order to pay all fines, fees, and costs associated with community supervision. In addition, he indicated that if released from jail and placed on community supervision he would live with his mother.

The State argues that Mack's testimony at the sentencing hearing constitutes evidence rebutting the presumption of continued indigence that supports the trial court's order for the repayment of attorney's fees. The State maintains that this evidence was a change from the information upon which the initial indigency determination was made because Mack's income went from $0 to $637 per month. The State further asserts that Mack should not be permitted to mislead the court as to his financial circumstances and then subsequently testify to something different without that difference constituting a material change in circumstances. The State contends that the presumption of indigency "cannot continue when the truth of income is revealed at trial."

However, Mack indicated on the financial questionnaire that he received public assistance, both food stamps and SSI, and had done so all his life. The form does not ask, nor provide a place for Mack to indicate, the amount of his SSI disability benefits. Nevertheless, based on this questionnaire, the trial court had information reflecting that Mack received disability

3

payments at the time the court determined that Mack was indigent. We do not find that simply providing the amount of those disability payments at a later date, when specifically asked, constitutes a "material change" in financial circumstances.

The State relies on *Roberts v. State*, where, in finding that the trial court abused its discretion in assessing court-appointed fees, the court of appeals noted that while Roberts told the trial court that she received SSI disability payments, "no evidence was presented as to the amount she received or whether she had been receiving these payments when she was originally appointed trial counsel." *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.). The State argues that evidence in the record here, unlike *Roberts*, reflects both the amount Mack received in SSI disability payments and the fact that he was receiving SSI disability payments at the time the trial court originally found him to be indigent. While this is true, we do not find *Roberts* to support the proposition that if that particular evidence is presented, as it was in this case, the evidence demonstrates a material change in circumstances. In *Roberts*, the court of appeals held that "without evidence to indicate that Roberts had *not* received disability payments prior to the trial court's having found her indigent, her isolated statement that she received SSI payments during the guilty plea proceeding is no evidence that there had been a material change in Roberts's financial circumstances." *Id.* (emphasis added). In other words, the record did not contain sufficient evidence to support a finding of a material change. The focus is not on what the evidence is, but whether that evidence demonstrates a change in circumstances.

Here, Mack's indigency was determined prior to trial and counsel was appointed.[1] No evidence was presented at the punishment hearing that indicated a change in his financial circumstances. Mack received public assistance, including SSI disability benefits, at the time he was determined to be indigent and the record reflects that at the time of sentencing Mack still received public assistance, including SSI disability benefits. There was no change in Mack's status as a recipient of public assistance. Further, contrary to the State's suggestion, the additional testimony about living with his mother if released and his willingness to sacrifice in order to comply with the financial requirements of community supervision does not constitute evidence reflecting a change in his finances.

Based on this record, there was no evidence to show that Mack's finances had undergone a "material change." *See Mayer*, 309 S.W.3d at 557; *see also* Tex. Code Crim. Proc. Ann. art. 26.04(p). The presumption of indigence was never rebutted. Therefore, no evidence supports the trial court's implicit decision that Mack has the ability to pay his attorney's fees. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g); *Dominguez v. State*, 363 S.W.3d 926, 934 (Tex. App.—Austin 2012, no pet.) (record must contain some evidence of material change in defendant's financial circumstances); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) ("There must be some factual basis in the record illustrating that an accused is capable of paying a legal fee levied under art. 26.05(g) of the Code of Criminal Procedure."). The evidence was

---

[1] We also note that the record here reflects that Mack, like Roberts, has appointed counsel representing him on appeal, though it appears to be the same counsel appointed for trial. *See Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.).

insufficient to support the trial court's order for the repayment of attorney's fees after Mack's release from prison. We sustain Mack's sole point of error.

**CONCLUSION**

Finding that the evidence is insufficient to support the order in the judgment requiring Mack to repay the court appointed attorney's fees, we delete that order from the judgment and affirm the judgment as so modified.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Modified, and as Modified, Affirmed

Filed:   June 28, 2012

Do Not Publish