In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00065-CR
_____


KYLE BERNARD DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 12-04-03850 CR


**MEMORANDUM OPINION**

Kyle Bernard Davis was indicted for burglary of a habitation. Davis entered into a plea bargain. The trial court deferred adjudication of guilt and placed him on unadjudicated community supervision for five years. The State filed a motion to revoke. After finding that Davis violated four terms of his community supervision, the trial court adjudicated Davis guilty and sentenced him to eight years in prison. Davis filed this appeal.

1

The trial court appointed defense counsel to represent Davis at trial and on appeal, and the State does not dispute that Davis is indigent. In a single issue, Davis argues the trial court abused its discretion by including attorney fees of $400 in the judgment adjudicating guilt when there was no showing that his finances had undergone a material change. The State concedes error.

A defendant who previously has been found indigent is presumed to remain indigent unless there has been a material change in his financial status. *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). There is no evidence that Davis's financial status materially changed. He testified during the revocation hearing that he does not own a car, receives approximately $200 a month for service in the National Guard, and has difficulty keeping a steady job. He was unemployed at the time of his arrest for the alleged community supervision violations. He lived with his girlfriend and their one-year-old child, and paid $700 a month in rent for their apartment. His girlfriend earned $1,100 a month.

Throughout the trial proceedings and on appeal, Davis has been represented by court-appointed counsel. As noted above, there is no evidence indicating any material change in his financial status. Accordingly, we sustain Davis's appellate

issue.  We affirm the judgment as modified to delete the court's order requiring Davis to pay $400 in attorney fees.[1]

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on July 18, 2014
Opinion Delivered September 3, 2014
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[1]In its brief on appeal, the State also references another fee contained in the deferred adjudication order which orders Davis to pay "court-appointed attorney fees" of $300 as a term of the community supervision. The State suggests in a footnote contained in its appellate brief that perhaps Davis did not procedurally default on a challenge regarding the $300 fee. However, Davis never challenged the $300 fee below and he has not challenged it on appeal.  Therefore, the propriety of that allocated cost item is not properly before us. Tex. R. App. P. 38.1(f), (h), (i).