**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00271-CR**
_____

**HORACE MORRIS LASSIEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A220262-R**
_____

**MEMORANDUM OPINION**

A grand jury indicted Appellant Horace Morris Lassien for the offense of murder for intentionally and knowingly causing the death of Lorenza Bias by shooting him with a firearm. Lassien pleaded "not guilty." A jury found Lassien guilty, and Lassien elected to have the trial court assess punishment. After a hearing on punishment, the trial court sentenced Lassien to thirty years of confinement. The judgment includes an assessment for reimbursement of attorney's fees, which

1

Lassien challenges in one issue on appeal. As discussed below, we affirm the trial court's judgment of conviction as modified.

The record reflects that the trial court appointed trial counsel and appellate counsel to represent Lassien, because Lassien was indigent. The trial court did not mention reimbursement of fees for attorney's services in its oral pronouncement. The written judgment assesses court costs of $290.00 and reimbursement of fees of $13,065.53, which includes $13,000.53 in fees for court-appointed counsel. The itemized Bill of Costs shows $290.00 under the heading "Court Costs" and $13,065.53 under the heading "Reimbursement Fees." According to the record, the "Reimbursement Fees" amount consists of $13,000.53 for court-appointed attorney's fees, $50.00 for a fee for the sheriff, and $15.00 for a time payment.

In his sole issue, Lassien challenges the amount assessed for "reimbursement fees" in the judgment of conviction. Lassien argues that the assessment of court-appointed attorney's fees was error because there was no finding that Lassien's financial circumstances had changed. The State concedes error on this point and agrees that Lassien's conviction and sentence should be affirmed as modified to delete the court-appointed attorney's fees.

Without a change in a defendant's indigent status, a trial court cannot impose an award of attorney's fees in the judgment against a defendant who remains indigent when the judgment is pronounced. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p)

2

(stating an indigent defendant is presumed to remain indigent unless a material change in the defendant's financial circumstances occurs), 26.05(g); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). Article 26.05(g) provides that a judge shall order a defendant to pay a reimbursement fee to offset in part or in whole the cost of legal services provided to the defendant "[i]f the judge determines that [the] defendant has financial resources" to do so. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g).

The record in this case does not demonstrate that the trial court found a material change in Lassien's financial circumstances. And the record does not reflect, nor do the parties argue, that the State was precluded from presenting evidence on Lassien's financial resources and ability to pay for reimbursement of court-appointed attorney's fees. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Therefore, we conclude the trial court abused its discretion by assessing reimbursement for court-appointed attorney's fees. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g); *Roberts*, 327 S.W.3d at 884 (concluding trial court abused its discretion by taxing indigent defendant with attorney's fees). We sustain Lassien's issue as to the reimbursement amount for court-appointed attorney's fees of $13,000.53.

The Texas Rules of Appellate Procedure authorize us to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2(c). Because the record does not support the award of $13,000.53 for the reimbursement of attorney's fees, we modify the judgment by deleting the reimbursement fees award of $13,065.53 and replacing it with $65.00. Otherwise, we affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

LEANNE JOHNSON
Justice

Submitted on March 13, 2024
Opinion Delivered March 20, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.

4