In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-11-00553-CR
_____

**JAMES ELIJAH HUNTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 09-07184**

### MEMORANDUM OPINION

Pursuant to a plea agreement, appellant James Elijah Hunter pled guilty to the offense of aggravated robbery. The trial court found the evidence sufficient to find Hunter guilty, but deferred finding him guilty. The trial court placed Hunter on community supervision for ten years and assessed a fine of $1,000. The State subsequently filed a motion to revoke Hunter's unadjudicated community supervision. Hunter pled "true" to three violations of the terms of his community supervision. The trial court found that Hunter violated the terms of the community supervision order,

1

found Hunter guilty of aggravated robbery, revoked Hunter's community supervision, and imposed a sentence of ninety years of confinement.

Hunter's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On September 27, 2012, we granted an extension of time for appellant to file a *pro se* brief. We received no response from the appellant.

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The State filed a response brief and asked us to affirm the judgment with modifications to the administrative fees portion of the judgment. Specifically, the judgment includes administrative fees of $3,120, which includes among other items, $1,000 in attorney fees, $1,000 fine, and $350 for PSI fee.

Appellant was determined to be indigent and appointed counsel. There is no evidence in the record of appellant's ability to pay appointed fees. Article 26.04(p) of the Code of Criminal Procedure provides that "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex.

Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012). The Code further gives the trial court the authority to order a defendant to pay, in whole or in part, the costs of appointed counsel, if the court determines that the defendant has financial resources that enable him to offset the costs of his legal services. *Id.* art. 26.05(g).

Here, the trial court determined Hunter was indigent when it initially appointed him counsel at his plea hearing, again when it appointed him counsel at his motion to revoke hearing, and again when it appointed him counsel to represent him in this appeal. We find no evidence in the record to support a finding that Hunter's financial circumstances materially changed between the date the trial court initially appointed trial counsel and the date it rendered judgment. *Id.* art. 26.04(p); *see also Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). Further, there is no determination or finding in the record that Hunter had financial resources that would enable him to pay the appointed attorney fees. Without evidence to demonstrate this ability, the trial court erred in ordering reimbursement of appointed attorney fees. *See Mayer v. State*, 274 S.W.3d 898, 901-02 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

In its brief, the State argues that while the administrative fees calculation includes a fine of $1,000, the judgment makes no mention of the fine and there was no oral pronouncement of a fine at the time of revocation and sentencing. The State asks this Court to affirm the judgment with modifications to the administrative fees. However, we

further note that as part of the administrative fees, the judgment assessed Hunter $350, the costs of production of a presentence investigation report, even though he waived the PSI in this cause and a PSI report does not appear in the record.

We have the authority to reform the trial court's judgment to correct a clerical error. *See* Tex. R. App. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We subtract the $1,000 in appointed attorney fees, $1,000 fine, and the $350 charge for the presentence investigation report from the administrative fees.

We modify the trial court's judgment to reflect these deductions and establish an administrative fee of $770. The judgment is affirmed as modified.[1]

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on December 28, 2012
Opinion Delivered February 6, 2013
Do not publish

Before Gaultney, Kreger, and Horton, JJ.

---

[1] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.