In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00681-CR
_____

JUSTIN TYRONE YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 10-10407**

**MEMORANDUM OPINION**

Appellant Justin Tyrone Young appeals from the trial court's revocation of his community supervision. We affirm the trial court's judgment.

Young entered a plea of guilty to the offense of criminal mischief. The trial court found Young guilty, sentenced him to two years of confinement, but suspended imposition of sentence and placed Young on community supervision for two years, and ordered him to pay $2,535 in restitution. The State subsequently

filed a motion to revoke Young's community supervision. Young pled "true" to three violations of the conditions of his community supervision. The trial court found that Young violated the conditions of his community supervision, revoked Young's community supervision, and assessed punishment at two years of confinement in a state jail facility.

Young's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided Young with a copy of this brief. On March 22, 2012, this Court granted an extension of time for appellant to file a *pro se* brief. At Young's request, we granted another extension of time for appellant to file a *pro se* brief. Young filed a one-page *pro se* brief arguing he received ineffective assistance of counsel.

The appellate court need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). In these circumstances, we "may determine that the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error. Or, [we] may determine that arguable

2

grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citation omitted).

We have independently reviewed the clerk's record and the reporter's record, and we agree with Young's appellate counsel that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief Young's appeal. *See id.*; *compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, in our review of the record, we note that the judgment includes administrative fees of $1,320, which includes $500 in attorney fees. Appellant was determined to be indigent and appointed counsel. There is no evidence in the record of appellant's ability to pay appointed fees. Article 26.04(p) of the Code of Criminal Procedure provides that "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012). The Code further gives the trial court the authority to order a defendant to pay, in whole or in part, the costs of appointed counsel, if the court determines that the defendant has financial resources that enable him to offset the costs of his legal services. *Id*. art. 26.05(g).

3

Here, the trial court determined Young was indigent when it initially appointed him counsel at his motion to revoke hearing, and again when it appointed him counsel to represent him in this appeal. We find no evidence in the record to support a finding that Young's financial circumstances had materially changed between the date the trial court initially appointed trial counsel and the date it rendered judgment. *Id*. art. 26.04(p); *see also Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). Further, there is no determination or finding in the record that Young had financial resources that would enable him to pay the appointed attorney fees. Without evidence to demonstrate this ability, the trial court erred in ordering reimbursement of appointed attorney fees. *See Mayer v. State*, 274 S.W.3d 898, 901-02 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552, 553-58 (Tex. Crim. App. 2010). Both parties concede this issue.

We subtract the $500 in appointed attorney fees from the administrative fees. We modify the trial court's judgment to reflect an administrative fee of $820. The judgment is affirmed as modified.[1]

---

[1] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on November 13, 2012
Opinion Delivered February 13, 2013
Do not publish

Before Gaultney, Kreger, and Horton, JJ.