

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00783-CR
No. 04-13-00784-CR

Christopher **LANEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2007CR6078W & 2010CR12838
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  June 4, 2014

JUDGMENTS MODIFIED; AFFIRMED AS MODIFIED;
MOTION TO WITHDRAW GRANTED

This is an appeal from two orders revoking appellant's community supervision, following a consolidated hearing on the State's motions to revoke and appellant's plea of true to one of the grounds for revocation. Appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. Counsel concludes that the appeals are without merit. The brief meets the requirements

of *Anders v. California*, 386 U.S. 738 (1967). Appellant was informed of his right to review the record and of his right to file a pro se brief. Appellant did not file a pro se brief.

After reviewing the record and counsel's brief, we agree the appeals are frivolous and without merit. Accordingly, we affirm the trial court's judgments, and we GRANT appellate counsel's motion to withdraw.[1] *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

However, although we affirm the trial court's judgments, we also conclude that with respect to the trial court's award of court costs plus attorney's fees, the judgments should be modified. The record shows the trial court assessed attorney's fees despite its finding that appellant is indigent.[2] The Bill of Cost indicates the amount of attorney's fees to be assessed against appellant is "TBD" ("to be determined"). The evidence in the record does not support a finding that appellant's ability to pay attorney's fees changed after the trial court first determined him to be indigent. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p) (West Supp. 2012); *Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). Therefore, we modify the judgments to delete the assessment of attorney's fees against appellant.

We affirm the trial court's judgments as modified.

Sandee Bryan Marion, Justice

Do not publish

---

[1] No substitute counsel will be appointed. *See In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008). Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review must comply with the requirements of Texas Rules of Appellate Procedure 68.4.

[2] Appellant's trial counsel and appellate counsel were both appointed.