

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00284-CR

Loretta **STRACHE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 370016
Honorable Phil Chavarria, Jr., Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  February 11, 2015

MODIFIED; AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Following a plea of "true" to the allegations in the State's motion to revoke community supervision, the trial court revoked appellant's community supervision and assessed six months' confinement, credit for time served, a $1,000 fine, and court costs.  On appeal, appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating there are no arguable grounds to be advanced.  Counsel concludes the appeal is without merit.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967).

Appellant was informed of her right to review the record and of her right to file a pro se brief. Appellant did not file a pro se brief.

We have carefully reviewed the entire appellate record, and we conclude there are no arguable grounds for appeal, there is no reversible error, and the appeal is wholly frivolous. Accordingly, we affirm the trial court's judgment, and we GRANT appellate counsel's motion to withdraw.[1] *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

However, although we affirm the trial court's judgment, we also conclude with respect to the trial court's award of court costs plus attorney's fees, the trial court's judgment should be modified. The record shows the trial court assessed attorney's fees despite its finding that appellant is indigent.[2] An itemized list of court costs attached to the judgment indicates the amount of attorney's fees to be assessed against appellant is $100.00. The evidence in the record does not support a finding that appellant's ability to pay attorney's fees changed after the trial court first determined her to be indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014); *Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). Therefore, we modify the judgment to delete the assessment of attorney's fees against appellant.

We affirm the trial court's judgment as modified.

Sandee Bryan Marion, Chief Justice

Do not publish

---

[1] No substitute counsel will be appointed. *See In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008). Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review must comply with the requirements of Texas Rules of Appellate Procedure 68.4.

[2] The trial court determined appellant qualified for appointed trial counsel, and appellate counsel was later appointed.