CLIFTON JAMES TAYLOR    NO: 09-14-00039-CR

V

THE STATE of TEXAS    PD-0223-15

The Court of Criminal
Appeals    Austin, TX.

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 24 2015

Abel Acosta, Clerk

CLIFTON JAMES TAYLOR

V

THE STATE of TEXAS

From Appeal NO. 09-14-00039-CR

Trial cause NO. 13-0A-09834-CR

MONTGOMERY    County

FILED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

First Motion For Extension of Time to File

Petition For Descretionary Review

TO THE HONARABLE of THE COURT OF CRIMINAL APPEALS

Comes Now, CLIFTON JAMES TAYLOR, PETITIONER, AND FILES THIS MOTION FOR AN EXTENSION OF SIXTY (60) DAYS IN WHICH TO FILE A PETITION FOR DISCRETIONARY REVIEW IN SUPPORT OF THIS MOTION, APPELLANT SHOWS THE COURT THE FOLLOWING:

I

THE PETITIONER WAS CONVICTED IN THE 221st DISTRICT COURT OF MONTGOMERY COUNTY, TEXAS OF THE OFFENSE OF FAMILY ASSAULT ON A FAMILY MEMBER IN CAUSE NO. 13-0A-09834-CR STYLED STATE OF TEXAS VS CLIFTON JAMES TAYLOR THE PETITIONER APPEALED TO THE COURT OF APPEALS NINTH DISTRICT OF TEXAS BEAUMONT SUPREME JUDICIAL DISTRICT THE CASE WAS AFFIRMED ON JANUARY 28, 2015

## II

The Present deadline for filing the petition For Discretionary Review is 30 Days From 01/28/2015. The Petitioner has not requested any extension to this request.

## III

petitioners Request for extension is based upon the following FACTS: Petitioner was not informed of the decision of the Court of Appeals in affirming his case until FEBRUARY 3, 2015 Since that time Petitioner has been attempting to gain Legal Representation in this matter. His attorney on the Appeal JUDITH SHIELDS Has informed petitioner that he/she will not represent him on the petition for descretionary Review.

Wherefore, Petitioner Prays this Court Grant this motion and extend the deadline for filing the petition for Discretionary Review on Cause No. 13-09-09834 CR to MAY 01, 2015

_Clifton James Taylor_
Petitioner, Pro Se

Texas Department of Criminal Justice
LARRY GIST Unit
TDCJ-ID# 1943166
BEAUMONT ,TX. 77705

## CERTIFICATE OF SERVICE

I certify that a true and correct Copy of the above and foregoing First Motion for extension of time to file a petition for descretionary Review, Has been forwarded by U.S. Mail, Postage prepaid, First class, to the Attorney for State, BRETT W. LIGON, At 207 W. PHILLIPS Conroe Tx 77301 And to the State Prosecuting Attorney, P.O. Box 12405, Austin, TX. 78711 On this the 18 Day of FEBRUARY , 2015

_Clifton James Taylor_
Petitioner, Pro Se

I CLIFTON JAMES TAYLOR, TDCJ# 1943166 Being presently incorcerated in the LARRY GIST Unit of the Texas Department of Criminal Justice in JEFFERSON County, Texas, Verify and declare under penalty of praying that foregoing Statements are true and correct,

Executed on this the 18 Day of FEBRUARY, 2015

Clifton James Taylor

Clifton James Taylor #1943166

3295 Fm. 3514 Beaumont, TX. 77705

# Judith Shields
## Attorney at Law

21 Waterway Avenue, Ste. 300
The Woodlands, Texas 77380
(281)362-7571
(1)(866)848-6031 Fax
JudithShieldsAttorney@gmail.com

January 28, 2015

Mr. Clifton Taylor
TDCJ: 01943166
Larry Gist State Jail
3295 FM 3514
Beaumont, TX 77705

Sent certified mail/return receipt requested #7014 1200 00002 0370 3293

Re: Clifton James Taylor v. State of Texas
     Appeal Number: 09-14-00039-CR
     Trial Number: 13-09-09834-CR

Dear Mr. Taylor,

On September 3, 2014, I received the opinion from the Ninth Court of Appeals and enclosed is a copy of the opinion. I am also enclosing the judgment from that court. The Court of Appeals ruled against you on the Motion for New Trial issue but modified the judgment to remove court appointed attorney's fees. I believe the governing law was correctly applied by the Court of Appeals so I will not be filing a Motion for Rehearing. The Motion for rehearing is due 15 days from the date of the opinion; a request for an extension of time may be made to the Court of Appeals. A Motion for Rehearing is not required to take your appeal to the next level to the Court of Criminal Appeals in Austin, Texas.

The Court of Criminal Appeals is not required to hear appeals, unlike the Ninth Court of Appeals. The Court of Criminal Appeals has discretionary review authority in criminal cases, and they decide whether or not to grant review of the Court of Appeals' opinion in your case. The Court of Criminal Appeals does not have to give you a reason as to why they decide not to hear your case. You do not have the right to appointed counsel for purpose of filling a petition for discretionary review, but, upon request, counsel may be appointed for this purpose. If you choose to file a pro se petition for discretionary review and the Court of Criminal Appeals grants your petition, you will have the right to appointed counsel for further proceedings on the merits of your petition before the Court of Criminal Appeals. I do not believe that the Court of Criminal Appeals would grant a petition for review in your case because the law applied in your

# Judith Shields
## Attorney at Law
21 Waterway Avenue, Ste. 300
The Woodlands, Texas 77380
(281)362-7571
(1)(866)848-6031 Fax
JudithShieldsAttorney@gmail.com

---

appeal was correct, so I am not filing a petition with the Court of Criminal Appeals. I am filing the enclosed motion to withdraw as your attorney with the 221st District Court.

Should you decide to proceed to the next level of appeal in your case you or your hired attorney would need to file a Petition for Discretionary Review (PDR) within thirty days of the date of the opinion or the denial of the Motion for Rehearing by the Ninth Court of Appeals pursuant to Texas Rule of Appellate Procedure 68; a request for extension of time may be made to the Court of Criminal Appeals. The address to the Court of Criminal Appeals is: Court of Criminal Appeals, P.O. Box 12308; Austin, Texas 78711. They require the original and 11 copies of the petition, and you must have it bound (stapling it together is sufficient).

I have included copies from the Code of Appellate Procedure detailing what is required in your petition, a printout for the contact information of the Court of Criminal Appeals, and a printout from the Court of Criminal Appeals that informs you that as of September 1, 2011, you file you petition with the Court of Criminal Appeals rather than the Court of Appeals.

I wish the appeal had turned out differently, and I wish you the best of luck in the future.


Sincerely,

Judith Shields


Enclosures:
Copy of the 9th Court of Appeals Opinion in No. 09-14-00065-CR
Copy of TRAP 66.1-70.2
Copy of Court of Criminal Appeals Contact Information
Copy of Motion to Withdraw
Printout from CCA of change in TRAP 68.3—PDR to be filed in CCA

# IN THE NINTH COURT OF APPEALS

## 09-14-00039-CR

Clifton James Taylor

v.

The State of Texas

On Appeal from the
221st District Court of Montgomery County, Texas
Trial Cause No. 13-09-09834 CR

## JUDGMENT

THE NINTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be affirmed as modified by this Court.  IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that we modify the judgment rendered by deleting the award of $1,032 in attorney's fees as costs of court.  The judgment of the trial court is affirmed as modified.

Opinion of the Court delivered by Justice Leanne Johnson

January 28, 2015

### AFFIRMED AS MODIFIED

\*\*\*\*\*\*\*\*\*\*

Copies of this judgment and the Court's opinion are certified for observance.

Carol Anne Harley
Clerk of the Court



CHIEF JUSTICE
STEVE MCKEITHEN

JUSTICES
CHARLES KREGER
HOLLIS HORTON
LEANNE JOHNSON

CLERK
CAROL ANNE HARLEY

OFFICE
SUITE 330
1001 PEARL ST.
BEAUMONT, TEXAS 77701
409/835-8402   FAX 409/835-8497
WWW.TXCOURTS.GOV/9THCOA.ASPX

# Court of Appeals
## State of Texas
## Ninth District

January 28, 2015

Nathaniel Munier
Asst. District Attorney
207 W. Phillips, 2nd floor
Conroe, TX 77301
* DELIVERED VIA E-MAIL *

Judith Shields
21 Waterway Avenue, Suite 300
The Woodlands, TX 77380
* DELIVERED VIA E-MAIL *

RE:   Case Number:        09-14-00039-CR
      Trial Court Case    13-09-09834 CR
      Number:

Style:   Clifton James Taylor
         v.
         The State of Texas

Enclosed are copies of the Court's Opinion and Judgment issued this date in the above styled and numbered cause.  The judgment of the trial court is AFFIRMED AS MODIFIED.

### Tex. R. App. Proc. 48.4. Opinion Sent to Criminal Defendant

In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. **The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.**

Sincerely,

CAROL ANNE HARLEY
CLERK OF THE COURT

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

NO. 09-14-00039-CR

CLIFTON JAMES TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 13-09-09834 CR

## MEMORANDUM OPINION

Clifton James Taylor ("Taylor") pleaded guilty to third-degree felony assault on a family member. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2014). After a bench trial on punishment, the trial court sentenced Taylor to six years of confinement in the Texas Department of Criminal Justice, Institutional Division. In two appellate issues, Taylor argues that the trial court erred (1) in

denying his motion for a new trial and (2) in assessing attorney's fees. We overrule issue one, sustain issue two, and affirm the judgment as modified.

FACTUAL BACKGROUND

The State indicted Taylor for "assault family violence[/]strangulation" for conduct that occurred on or about September 14, 2013. Taylor pleaded guilty to the charge. The trial court held a sentencing hearing on December 13, 2013, and after hearing testimony, it pronounced Taylor's sentence. Several witnesses testified at the hearing including Taylor, the victim (J.W.), three friends who were with Taylor before and during the incident (Andrew, Lauren, and Grant), and Taylor's uncle.

J.W. testified that she and Taylor were in a "long-term relationship roughly about five years." During their relationship, Taylor worked "odds and ends" but not a full-time job. J.W. said Taylor had told her "he was arrested with a Vicodin in his pocket in '99." J.W. also testified that Taylor's marijuana smoking was an issue because "the purchasing of the marijuana obviously took a lot of money out of the home."

J.W. explained that, on the night of September 14, 2013, she and Taylor went to Andrew and Lauren's house, that Taylor was drinking, that he was "[v]ery irritable[,]" and as the night progressed "[h]e became more angry." J.W. also testified that Taylor was smoking marijuana that night. According to J.W., she and

2

Taylor got into an "altercation[,]" and J.W. testified that once they returned to their own home, Taylor "came up to me and he had the container of pork rinds in his hand and he proceeded to slam them repetitively in my chest, which consequently knocked me on the ground[.]" She said that shortly thereafter, Taylor began choking her. According to J.W., Taylor then started tearing the house apart and throwing things at her.

J.W. sent a message by phone to Lauren telling Lauren she needed help. J.W. told Taylor she was going to call the police, and that is when he grabbed the phone out of her hands and they started wrestling. He destroyed her phone and then his phone, crushing one phone with his hand and the other by "twisting it and throwing it on the ground." She testified further that he was "[v]ery angry, very belligerent, hateful[,] . . . completely out of control." She said that "[i]t was just progressively getting worse. . . . he was going to take the baby. He was drunk. . . . He kept destroying the house. He just kept repetitively destroying things." J.W. explained that:

> we ended up in a wrestling match again and I ended up on the floor on my back . . . and he was straddling on top of me and he had his hand on my throat choking me.
> And as he was choking me, I remember blacking out and laying there thinking that's how I was going to die. And the last time -- the last thing I saw before I blacked out was this horrific look in his eyes. . . .

J.W. testified that after Andrew and Grant arrived, Taylor "picked me up by my neck and threw me through my daughter's bedroom door." Andrew, Grant, and Taylor scuffled as Andrew and Grant "tried to pull [Taylor] off" of J.W. Her three children were crying and terrified. J.W. tried to leave with the children, but Taylor shoved her back on the ground twice. She explained further that

> The first time he pushed me, my arm locked up and I could feel shooting pains in my arm. And then once I got up and he pushed me the second time, my arm buckled from underneath me and I could feel my elbow break.

J.W. said that at the end of the night, she had blood "all over" her shirt and scratches on her neck. As a consequence of breaking her arm, she lost her job, and she was unemployed at the time of the trial. J.W. also testified that while Taylor was in custody awaiting trial, even though Taylor was under a "no contact" order, he attempted to contact her six times.

Andrew testified that Taylor and J.W. were at his house on the evening the assault occurred, along with Andrew, Andrew's wife Lauren, Lauren's brother Grant, and Grant's girlfriend Ann. Andrew testified that he thought Taylor was intoxicated that night, and he observed Taylor and J.W. arguing. Andrew said that Taylor became "[m]ore aggressive" toward J.W.

After Taylor and J.W. left, Lauren received a text from J.W. that said "[s]end your husband, please. Help." Andrew testified that he and Grant went to

4

J.W.'s house, and as they approached the house, they heard screaming. Andrew stated that when he walked into the house, Taylor had his hands around J.W.'s neck, and Taylor threw J.W. across the room; then he was on the floor on top of her, and he was choking her. Andrew testified that he pulled Taylor off of J.W., and then Taylor and Grant got into a confrontation. Andrew further testified that Taylor retrieved a sword from another room and then swung the sword at Grant. Finally, Andrew testified that when his wife Lauren showed up at J.W.'s house, Taylor punched Lauren in the face.

Grant also testified at the sentencing hearing. He explained that Taylor became violent with him and swung a sword at Grant. As a result of the incident, Grant's hand was broken. He had a cast on his hand for three-and-a-half weeks, which interfered with his ability to work.

Lauren testified that she received a text from J.W. "around 12:17 saying, 'Send your husband Andy here, please. Help.'" Lauren explained that when she arrived later, she saw J.W. in the car, trying to leave with the children, and Taylor jumped up on J.W.'s car. Taylor then hit Lauren on her chin area and "knocked [her] jaw out of place."

Taylor also testified at the sentencing hearing. He told the court that he did not recall most of the night in question because he was "way too intoxicated." He

did not remember hitting his wife with the food container, throwing her to the ground, strangling her, or throwing her through a door. However, he did remember destroying his wife's phone but not why he did so. He recalled the scuffle with Grant and Andrew but did not know at the time the reason for the scuffle. He denied hitting Lauren and stated he did not remember swinging a sword at anyone.

On cross examination, he remembered drinking and smoking marijuana when he was at Andrew and Lauren's house, but he did not remember wanting to drive home despite being intoxicated, or forcing J.W. to get into the car with him. Taylor testified that he previously had been "arrested for Vicodin[,]" not cocaine. He also testified he was convicted for "DWI back in '04." Taylor's uncle also testified that he understood Taylor's prior conviction was for prescription drugs.

Prior to delivering the sentence, the court addressed Taylor directly and stated: "you remember what everybody did to you but you don't remember what you did to everybody else. . . . I find that highly, highly questionable." The court further told Taylor that, in this situation

> you could have been charged for that sword with aggravated assault, . . . could have been charged with driving while intoxicated, . . . could have been charged with possession of marijuana, and . . . could have been charged for assaulting all of these people there -- all of that.
> And, instead, they went forward on the case against her, which is fine.

The court also observed that, based on the witnesses' testimony, "it looks like you stayed home, didn't work very much, and smoked pot all day." As to Taylor's own testimony, the court observed that he "minimized" his own actions, "downplayed" what he did, and "for some reason accountability is not getting in." The court stated that such minimization was "deeply troubling because that means you would do it again." Ultimately, the court sentenced Taylor to six years in prison, with credit for time served, and no fine. The six-year sentence is within the range of punishment allowed by the applicable statute for third degree felony assault. *See* Tex. Penal Code Ann. § 12.34 (West 2011).

Following sentencing, on December 31, 2013, Taylor filed a "Motion for New Trial and Motion in Arrest of Judgment," requesting a new trial on the basis of "newly discovered evidence" concerning a prior arrest. In his motion, Taylor alleged that:

> The defendant was charged by information on January 22, 1999, in Cause No. 803137 in the 339th District Court in Harris County, Texas for the offense of Possession of Hydrocodone, 1-4 grams. It appears that his probation judgment incorrectly stated the nature of the controlled substance, by referring to it as "Cocaine", . . . and there was no amendment to the information and no indictment.

At the hearing on the motion for new trial, the appellant filed an affidavit from his trial counsel stating that the appellant's previous conviction was for the offense of possession of hydrocodone, and not cocaine. Attached to the affidavit

7

was a copy of an information charging the appellant with possession of hydrocodone. The trial court conducted a hearing on the motion for new trial on January 15, 2014. The court then denied the motion for new trial, explaining that despite the alleged error regarding one of Taylor's prior arrests, "[t]he actual offense itself affected me more than any of that information, that I made my decision based on just the testimony of the victim, testimony of the other witnesses, and just the nature of the offense that was detailed." Taylor timely filed a Notice of Appeal.

## DENIAL OF THE MOTION FOR NEW TRIAL

Taylor's first issue on appeal is that the trial court abused its discretion by denying his motion for new trial. Taylor's motion was based on what he describes as "newly discovered evidence." Appellant contends that the new evidence bears on his credibility.

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012) (citing *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001)). "'We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable.'" *Id.* (quoting *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006)). An appellate court views the

evidence in the light most favorable to the trial court's ruling, defers to the trial court regarding credibility determinations, and presumes that all reasonable fact findings in support of the ruling have been made. *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014). A trial court abuses its discretion in denying a motion for a new trial when no reasonable view of the record could support the trial court's ruling. *McQuarrie*, 380 S.W.3d at 150; *Holden*, 201 S.W.3d at 763; *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

Motions for new trial based on grounds of newly discovered evidence are not favored by courts. *Drew v. State*, 743 S.W.2d 207, 225-26 (Tex. Crim. App. 1987). Texas Code of Criminal Procedure Article 40.001 provides "[a] new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." Tex. Code Crim. Proc. Ann. art. 40.001 (West 2006). In order for a defendant to be entitled to a new trial on the basis of newly discovered or newly available evidence, the following four-part test must be met: (1) the new evidence was unknown or unavailable to him at the time of trial; (2) his failure to discover or to obtain the evidence was not due to his lack of diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial. *Carsner v. State*,

444 S.W.3d 1, 2-3 (Tex. Crim. App. 2014) (citing *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003), and *Keeter v. State*, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002)). The failure of the movant to establish any one of the four required elements for a new trial based on newly discovered evidence supports the trial court's denial of the motion. *See Jones v. State*, 234 S.W.3d 151, 157 (Tex. App.—San Antonio 2007, no pet.) (citing *Shafer v. State*, 82 S.W.3d 553, 556 (Tex. App.—San Antonio 2002, pet. ref'd)).

The requirement that a movant show the newly discovered evidence was unknown to him at the time of trial is fundamental. *Tate v. State*, 834 S.W.2d 566, 571 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Neither appellant's motion for new trial nor his appellate brief suggests that the purported "newly discovered evidence," i.e., that Taylor's prior arrest was for hydrocodone or Vicodin and not for cocaine, was unknown to Taylor at the time of the sentencing hearing. Indeed, the record shows that the trial court heard testimony concerning whether Taylor's 1999 arrest was for possession of cocaine or for Vicodin. When the evidence was known and accessible to a defendant at the time of trial, the movant has not shown a proper basis for granting a new trial. *Estrada v. State*, 2005 Tex. App. LEXIS 10506, *21 (Tex. App.—San Antonio July 20, 2005, pet. ref'd) (mem. op.) (citing *Drew*, 743 S.W.2d at 227 n.14.). Additionally, Taylor does not argue or establish

10

that his failure to obtain the evidence was not due to his lack of diligence. Furthermore, as previously stated, a new trial should not be granted when the alleged "newly discovered evidence" is merely cumulative, corroborative, or collateral to testimony or evidence previously presented at trial. *Keeter*, 74 S.W.3d at 36-37. Evidence regarding his dispute as to the conviction for hydrocodone or Vicodin, rather than "cocaine," was already before the court as Taylor, J.W., and Taylor's uncle testified thereto, and it was in the charging instrument for the prior offense. Therefore, the "new evidence" that Taylor presented in his motion for new trial was merely cumulative, corroborative, or collateral to testimony or evidence previously presented at trial.

Finally, appellant fails to demonstrate in either his motion for new trial or in his appellate brief that the alleged "newly discovered evidence" would probably bring about a different result on another trial. When pronouncing Taylor's sentence, the court commented on inconsistencies in Taylor's memory concerning the events of September 14, 2013, and his apparent lack of accountability. At the hearing on Taylor's motion for new trial, the court explained the identity of the substance for which Taylor was previously arrested did not determine the sentence, but rather the court considered "[t]he testimony of the victim, testimony of the other witnesses, and just the nature of the offense that was detailed." The trial court

11

explained that "the actual offense itself" weighed most heavily in determining the sentence, and the court stated it "did not put a lot of emphasis" on evidence concerning prior convictions or probation. Appellant's statement in his appellate brief that the newly discovered evidence "surely would have affected" the outcome of his trial is conclusory and not supported by the record. The trial court could have reasonably concluded that the alleged newly discovered evidence suggested by appellant's motion, even if true, was not compelling enough to probably bring about a different result in a new trial. *See Wallace*, 106 S.W.3d at 108 (The Court affirmed the trial court's denial of a motion for new trial, despite appellate court's use of the wrong legal standard, because the new evidence, even if true, was not compelling enough to overcome the strength of the prosecution's case.).

Viewing the record in the light most favorable to the trial court's ruling, and deferring to the trial court's credibility determination, we conclude that a reasonable reading of the record supports the trial court's ruling and the trial court did not abuse its discretion in denying the motion for new trial. We overrule appellant's first issue.

## ATTORNEY'S FEES

In issue two, Taylor argues that after being found indigent, his status did not change before he was sentenced. He contends that the trial court erred in assessing $1,032 in attorney's fees in the judgment. The State agrees.

A trial court may tax the defendant with attorney's fees if there is a material change in the defendant's ability to pay attorney's fees between the date the trial court initially determined the defendant to be indigent and appointed trial counsel and the date of the final judgment. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p) (West Supp. 2014); *see also Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.— Beaumont 2010, no pet.).

In this case, the record shows that the trial court found Taylor to be indigent and appointed trial counsel before entry of the judgment. Following Taylor's sentencing, the trial court also appointed counsel to represent Taylor in his appeal. The trial court made no findings regarding whether any material change occurred in Taylor's status as an indigent defendant. Furthermore, the record does not reflect that Taylor's financial circumstances materially changed after he was found indigent. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Roberts*, 327 S.W.3d at 884. Therefore, we sustain issue two.

13

The Texas Rules of Appellate Procedure authorize this Court to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2, 43.3. Therefore, we modify the judgment the trial court rendered by deleting the award of $1,032 in attorney's fees as costs of court. Otherwise, we affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on November 21, 2014
Opinion Delivered January 28, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

14

Cause No. 13-09-09834-CR

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 221st DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| CLIFTON JAMES TAYLOR | § | MONTGOMERY COUNTY, TEXAS |

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Judith Shields ("Attorney"), attorney of record for Clifton James Taylor and hereby requests this court to allow her to withdraw as attorney of record and in support thereof would show unto the court as follows:

A.    Attorney was appointed to represent Taylor on his direct appeal.

B.    Attorney represented client in the Ninth Court of Appeals in cause number 09-14-00039-CR and the Court of Appeals affirmed Taylor's conviction on January 28, 2015.

C.    Upon reviewing the Court of Appeals' opinion, counsel is of the opinion that no meritorious reason to file a petition for discretionary review exists. Counsel has informed Taylor of his right to file a *pro se* petition for discretionary review.

D.    A copy of this motion was sent to Taylor by certified mail January 28, 2015.

Wherefore, premises considered, Counsel prays that the Court will grant her motion to withdraw on the face of this pleading.

Respectfully Submitted,


Judith Shields
Attorney at Law
333 N. Rivershire, Suite 285
Conroe, Texas 77304
(936) 703-5002
(877)900-2822 (Fax)

Cause No. 13-04-03591-CR

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 221st DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| CLIFTON JAMES TAYLOR | § | MONTGOMERY COUNTY, TEXAS |

## <u>ORDER ON MOTION TO WITHDRAW AS ATTORNEY OF RECORD</u>

On the _____ day of _____, 2015, the Motion to Withdraw as Attorney of Record was presented to the court and it is hereby:

GRANTED  /  DENIED

SIGNED AND ENTERED this the _____ day of _____, 2015.

_____
Presiding Judge
221st District Court