In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00539-CR
_____

STEVEN DALE SANDLIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 14-07-07549 CR

MEMORANDUM OPINION

The brief submitted by court-appointed appellate counsel for Steven Dale Sandlin contends that no arguable grounds can be advanced in this appeal to support a reversal of the trial court's judgment. The judgment Sandlin appeals reflects that he was convicted of possessing a controlled substance, and that his conviction was enhanced based on evidence showing that he had been convicted of two prior felonies. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010);

Tex. Penal Code Ann. § 12.42(d) (West Supp. 2014). Based on our review, we agree with appellate counsel that no arguable issues can be advanced to support Sandlin's appeal. *See Anders v. California*, 386 U.S. 738 (1967). Nonetheless, because the judgment contains clerical errors that can be corrected, we reform the judgment and affirm it, as reformed.

In an open plea, Sandlin pled guilty to possessing a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115. Additionally, Sandlin pled true to the State's allegation that he had been convicted of committing two prior felonies. Based on Sandlin's pleas, the trial court assessed a twenty-five year sentence.

In the appeal, Sandlin's appellate counsel filed a brief that presents counsel's professional evaluation of the record. In the brief, Sandlin's counsel concludes that Sandlin's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted extensions to allow Sandlin additional time to file a *pro se* brief; however, he did not file one.

After reviewing the appellate records and the *Anders* brief filed by Sandlin's counsel, we agree with counsel's conclusions that any appeal would be frivolous. Consequently, we need not order the appointment of new counsel to re-brief Sandlin's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, the trial court's judgment includes two errors that are capable of being reformed without the involvement of the trial court. First, the trial court determined that Sandlin was indigent, but then rendered an award of attorney's fees even though there was no evidence before the court to show that Sandlin's indigency status had changed. Absent a change in a defendant's status as an indigent, a trial court is not authorized to impose an award of attorney's fees in the judgment against a defendant who remains indigent when the judgment is pronounced. *See* Tex. Code Crim. Proc. Ann. art. 26.05 (West Supp. 2014); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.). Second, the judgment orders that Sandlin pay restitution to the Texas Department of Public Safety, Restitution Accounting. However, the trial court did not orally pronounce an award of restitution at Sandlin's sentencing hearing. Additionally, the record contains no evidence to support the trial court's decision to award restitution. *See Burt v. State*, 445 S.W.3d 752, 758-59 (Tex. Crim. App. 2014); *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.).

With respect to the awards of restitution and attorneys' fees, we asked the parties whether they would agree to the deletion of the awards. In response to our correspondence, counsel for the State and Sandlin agree that the awards should be deleted. Because the matter is not contested and the record does not support the

3

awards, we delete the award of $1,300.00 in attorney's fees and the award of $180.00 in restitution to the Texas Department of Public Safety. As reformed, the trial court's judgment is affirmed.[1]

AFFIRMED AS REFORMED.

_____
HOLLIS HORTON
Justice

Submitted on September 8, 2015
Opinion Delivered November 12, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[1] Sandlin may challenge our decision in his appeal by filing a petition for discretionary review. *See* Tex. R. App. P. 68.