In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-15-00005-CR
_____

JAGGARD DONTAE BOULDIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 253rd District Court
Liberty County, Texas
Trial Cause No. CR28724

## MEMORANDUM OPINION

Jaggard Dontae Bouldin (Bouldin) pleaded guilty to theft of a tractor valued at $20,000 or more but less than $100,000, a third-degree felony. *See* Act of May 23, 2009, 81st Leg., R.S., ch. 295, 2009 Tex. Gen. Laws 804, 804-05 (amended 2011, 2015) (current version at Tex. Penal Code § 31.03)). The trial court deferred the adjudication of Bouldin's guilt, placed Bouldin on community supervision for five years, and assessed a $1,000 fine. Subsequently, the State filed a motion to revoke community supervision. During the hearing on the State's motion to

1

revoke, Bouldin pleaded "true[]" to alleged violations 1 and 2 of the terms of his community supervision, and the State agreed to abandon alleged violations 3, 4, 5, and 6. The trial court found that Bouldin had violated the terms and conditions of his probation. After a hearing on punishment, the trial court revoked Bouldin's community supervision, adjudicated Bouldin's guilt, and sentenced him to five years in prison. Bouldin timely filed a notice of appeal.

Bouldin's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Bouldin to file a *pro se* brief. Bouldin did not file a *pro se* brief in response.

We have determined that this appeal is wholly frivolous. We have independently examined the entire appellate record in this matter, and we agree that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, the trial court's judgment includes an error that is capable of being reformed without the involvement of the trial court. The trial court determined that Bouldin was indigent, but then rendered an award of attorney's fees even though

2

there was no evidence before the court to show that Bouldin's indigency status had changed. Absent a change in a defendant's status as an indigent, a trial court is not authorized to impose an award of attorney's fees in the judgment against a defendant who remains indigent when the judgment is pronounced. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2014); *see also Wiley v. State*, 410 S.W.3d 313, 315 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.).

We asked the parties whether they would agree to the deletion of the award of attorney's fees. In response to our correspondence, counsel for the State agreed that the award should be deleted, and Bouldin did not respond. We are authorized by the Texas Rules of Appellate Procedure to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2, 43.3. Because the matter is not contested and the record does not support the award, we modify the judgment the trial court rendered by deleting the award of $450.00 in attorney's fees. We affirm the trial court's judgment as modified.[1]

---

[1] Bouldin may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3

AFFIRMED AS REFORMED.

_____
LEANNE JOHNSON
Justice

Submitted on November 13, 2015
Opinion Delivered December 9, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.