**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00465-CR**
_____

**AUSTIN ALEXANDER BARTLETT, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-11-12225-CR**

**MEMORANDUM OPINION**

Austin Alexander Bartlett pleaded guilty to the offense of injury to a child. After conducting a trial on punishment, the trial court sentenced Bartlett to life in prison. Bartlett's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes Bartlett's appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). We granted an extension of time for Bartlett to file a *pro se* brief, but we received no response from him.

1

We have independently examined the clerk's record and the reporter's record, and we agree with Bartlett's appellate counsel that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, during our review of the record, we observed that the trial court's written judgment includes an error that is capable of being reformed without the involvement of the trial court. The trial court determined that Bartlett was indigent but then rendered an award of attorney's fees even though there was no evidence before the court to show that Bartlett's indigency status had changed. Absent a change in a defendant's status as an indigent, a trial court is not authorized to impose an award of attorney's fees in the judgment against a defendant who remains indigent when the judgment is pronounced. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2016)[1]; *see also Wiley v. State*, 410 S.W.3d 313, 315, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.).

---

[1] We cite to the current version of the statute because any amendments subsequent to the date of the underlying criminal hearing or proceeding do not affect our analysis of this case.

We asked the parties whether they would agree to the deletion of the award of attorney's fees. In response to our correspondence, all parties agreed that the attorney's fee award should be deleted. We are authorized by the Texas Rules of Appellate Procedure to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2, 43.3. Because the matter is not contested and the record does not support the award, we modify the judgment the trial court rendered by deleting the award of $18,830.50 in attorney's fees. We affirm the trial court's judgment as modified.[2]

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on August 12, 2016
Opinion Delivered October 19, 2016
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[2] Bartlett may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.