**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00215-CR**
_____

**TORIANO RENAULD FREEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-09-10336 CR**

**MEMORANDUM OPINION**

In this appeal, Toriano Renauld Freeman's court-appointed counsel filed a brief in which he contends that no arguable grounds can be advanced to support a decision reversing Freeman's murder conviction. *See* Tex. Penal Code Ann. § 19.02(b)(2) (West 2011). We have reviewed the record, and we agree with Freeman's counsel that no arguable issues exist to support an appeal. *See Anders v. California*, 386 U.S. 738 (1967).

1

Following an extensive trial that included a separate jury trial to determine Freeman's competency, a jury found Freeman guilty of murder. Then, following the punishment phase of the trial, the trial court sentenced Freeman to serve a thirty-year sentence. Subsequently, Freeman appealed. On appeal, Freeman's counsel filed a brief that presents counsel's professional evaluation of the record. In the brief, Freeman's counsel concludes that no arguable errors exist that would support his filing a merits-based brief in support of Freeman's appeal. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After receiving the *Anders* brief, we granted an extension of time so that Freeman could file a *pro se* response. However, Freeman did not file a response.

After reviewing the appellate record and the *Anders* brief filed by Freeman's counsel, we agree with counsel's conclusions that any appeal on the current record would be frivolous. Therefore, it is unnecessary to order that new counsel be appointed to re-brief Freeman's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring the court of appeals to appoint other counsel only if it determines that there were arguable grounds for the appeal). Given the absence of any arguable error to support the appeal, we affirm the trial court's judgment.

However, during our review of the record, we observed that the trial court's written judgment includes an error that is capable of being reformed without the involvement of the trial court. Prior to the trial, the trial court determined that Freeman was indigent. Nonetheless, at the conclusion of the trial, the trial court awarded attorney's fees requiring Freeman to reimburse the county for fees it paid on his behalf, even though no evidence was before the court to show that Freeman's indigency status had changed. Absent a change in a defendant's status as an indigent defendant, a trial court is not authorized to impose an award of attorney's fees against an indigent defendant. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2016); *see also Wiley v. State*, 410 S.W.3d 313, 315, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.).

We asked the parties whether they would agree to delete the attorney's fees from the judgment. In response to our correspondence, all parties agreed that the attorney's fees award should be deleted. We are authorized by the Texas Rules of Appellate Procedure to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2, 43.3. Because the matter is not contested and the record does not support the award, we modify the judgment the trial court rendered by

3

deleting the award of $80,118.42 in attorney's fees. As modified, we affirm the trial court's judgment.

        AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on July 22, 2016
Opinion Delivered November 16, 2016
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.