In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00186-CR
_____

JOE LEE CLEMENTS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 13158JD

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, appellant Joe Lee Clements pleaded guilty to possession of a controlled substance. The trial court found the evidence sufficient to find Clements guilty, but deferred further proceedings, placed Clements on community supervision for three years, and assessed a fine of $1000. The State subsequently filed a motion to revoke Clements's unadjudicated community supervision. Clements pleaded "not true" to the alleged violations, and after

1

conducting an evidentiary hearing, the trial court found that Clements violated the conditions of his community supervision, found Clements guilty of possession of a controlled substance, and assessed punishment at two years of confinement in a state jail facility.

Clements's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 13, 2019, we granted an extension of time for Clements to file a *pro se* brief. We received no response from Clements. We reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, during our review of the record, we observed that the trial court's written judgment includes an error that is capable of being reformed without the involvement of the trial court. The trial court determined that Clements was indigent but then rendered an award of attorney's fees related to the motion to adjudicate guilt even though there was no evidence before the court to show that Clements's indigency status had changed. Absent a change in a defendant's status as an indigent, a trial court is not authorized to impose an award of attorney's fees in the judgment

2

against a defendant who remains indigent when the judgment is pronounced. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2018); *see also Wiley v. State*, 410 S.W.3d 313, 315, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.). We are authorized by the Texas Rules of Appellate Procedure to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2, 43.2. Because the record does not support the award, we modify the judgment by deleting the award of $450 for attorney's fees related to the motion to adjudicate guilt ("MTAG"). We affirm the trial court's judgment as modified.[1]

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 30, 2019
Opinion Delivered June 12, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1]Clements may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3