In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00415-CR
_____

JIMMY JOSEPH NEWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. B220122-R

MEMORANDUM OPINION

In an open plea, Jimmy Joseph Newell pled guilty to the offense of evading arrest or detention. The trial court found him guilty and assessed punishment at eighteen months of confinement. The judgment included an assessment for court costs and reimbursement fees, which Newell challenges in one issue on appeal. As discussed below, we affirm the trial court's judgment as modified.

1

## PERTINENT BACKGROUND

Newell completed an affidavit of indigency, and the trial court appointed trial counsel and appellate counsel to represent him. The trial court did not mention court costs or reimbursement fees for attorney's services in his oral pronouncement. The written judgment assessed court costs of $290.00 and reimbursement fees of $965.00, which included $900.00 in fees for court-appointed counsel. The itemized Bill of Costs showed $290.00 under the heading "Court Costs" and $965.00 under the heading "Reimbursement Fees." The "Reimbursement Fees" total consisted of $900.00 for court-appointed attorney's fees, $50.00 for the sheriff, and $15.00 for a time payment.

## ANALYSIS

In his sole issue, Newell challenges the court costs and reimbursement fees that the trial court did not orally pronounce. The State agrees the trial court erred by assessing reimbursement fees that included attorney's fees against an indigent defendant. However, the State asserts that Newell should be required to pay the legislatively mandated court costs, even though those were not included in the trial court's oral pronouncement.

Without a change in a defendant's indigent status, a trial court cannot impose an award of attorney's fees in the judgment against a defendant who remains indigent when the judgment is pronounced. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p)

2

(stating an indigent defendant is presumed to remain indigent unless a material change in a defendant's financial circumstances occurs), 26.05(g); *Wiley v. State*, 410 S.W.3d 313, 315, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 883–84 (Tex. App.—Beaumont 2010, no pet.). Article 26.05(g) provides that a judge shall order a defendant to pay a reimbursement fee to offset in part or whole the cost of legal services provided to the defendant "[i]f the judge determines that a defendant has financial resources" to do so. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g). We have reviewed the record, and it does not demonstrate that the trial court found a material change in Newell's financial circumstances. Therefore, the trial court abused its discretion by awarding reimbursement for court-appointed attorney's fees. *See id.* arts. 26.04(p), 26.05(g); *Roberts*, 327 S.W.3d at 884 (concluding trial court abused its discretion by taxing indigent defendant with attorney's fees). We sustain Newell's complaint as to the reimbursement amount for court-appointed attorney's fees of $900.00.

In contrast, court costs are not punitive and do not have to be included in the oral pronouncement of sentence as a precondition of including them in the trial court's written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Court costs are compensatory in nature and a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.* at 366 (internal quotations omitted); *see also Armstrong v. State*, 340 S.W.3d 759, 767

3

(Tex. Crim. App. 2011). The itemized Bill of Costs included in the record shows the assessed court costs are legislatively mandated and "compensatory in nature." *Weir*, 278 S.W.3d at 366. Accordingly, we hold the court costs of $290.00 did not have to be orally pronounced to be included in the trial court's written judgment. *See id.* at 366–67. The other reimbursement fees of $50.00 for the sheriff and $15.00 time payment were a recoupment of costs authorized by statute, and thus did not have to be orally pronounced. *See* Tex. Code Crim. Proc. Ann. arts. 102.011(a)(2) (authorizing $50.00 peace officer reimbursement fee); 102.030(a) (authorizing $15.00 time payment reimbursement fee); *see also Weir*, 278 S.W.3d at 366–67. We overrule Newell's complaint relating to court costs and other reimbursement fees.

## CONCLUSION

The Texas Rules of Appellate Procedure authorize us to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2(c). Because the record does not support the award of $900.00 for the reimbursement of attorney's fees, we modify the judgment by deleting the reimbursement fees award of $965.00 and replacing it with $65.00. We affirm the trial court's judgment as modified.

AFFIRMED AS MODIFIED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on June 22, 2023
Opinion Delivered July 19, 2023
Do Not Publish
Before Golemon, C.J., Horton and Johnson, JJ.

4