In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00071-CR
_____

DONALD FRANK MCMATH, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A220316-R

_____

MEMORANDUM OPINION

Donald Frank McMath appeals his conviction for aggravated sexual

assault, a first-degree felony.[1] After filing the notice of appeal, the trial

court appointed an attorney to represent McMath in his appeal. The

---

[1]*See* Tex. Penal Code Ann. § 22.021(a)(2)(B).

1

attorney discharged his responsibilities to McMath by filing an *Anders* brief.[2]

In the brief, McMath's attorney represents there are no arguable reversible errors to be addressed in McMath's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, McMath's attorney explains why, under the record in McMath's case, no arguable issues exist to reverse the trial court's judgment.[4] McMath's attorney also stated that he sent McMath a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified McMath, by letter, that he could file a pro se brief or response with the Court on or before November 7, 2023. McMath, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

2

reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal.[6] Thus, it follows the appeal is frivolous.[7] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[8]

However, appellate courts are authorized to reform judgments and affirm a modified judgment in *Anders* cases when the error involves a non-reversible error.[9] The record shows that the trial court assessed reimbursement fees that included attorney's fees against an indigent defendant. Without a change in the defendant's indigent status, a trial court cannot impose an award of attorney's fees in the judgment against

---

[6]*See Bledsoe v. State,* 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*Id.* at 826.

[8]*See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). McMath may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

[9]*See Getts v. State,* 155 S.W.3d 153, 155 (Tex. Crim. App. 2005) (affirming appellate court's reformation of trial court's judgment in *Anders* case); *Mitchell v. State,* 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (collecting cases that have modified judgments in *Anders* cases).

a defendant who remains indigent when the judgment is pronounced.[10] Article 26.05(g) provides that a judge shall order a defendant to pay a reimbursement fee to offset in part or whole the cost of legal services provided to the defendant "[i]f the judge determines that a defendant has financial resources" to do so.[11] We have reviewed the record, and it does not demonstrate that the trial court found a material change in McMath's financial circumstances. Therefore, we conclude the record does not support the trial court's ruling that resulted in requiring that he reimburse the County $2,565.00 in attorney's fees.

Accordingly, we modify the trial court's judgment by substituting the sum of $508.80 below the line in the judgment for "Reimbursement Fees" to replace the trial court's award of $3,073.80.[12]

---

[10]*See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (stating an indigent defendant is presumed to remain indigent unless a material change in a defendant's circumstances occurs), 26.05(g); *Wiley v. State*, 410 S.W.3d 313, 315, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.); *Newell v. State*, No. 09-22-00415-CR, 2023 WL 4612034 (Tex. App.—Beaumont July 19, 2023) (no pet.).

[11]*See* Tex. Code Crim. Proc. Ann. art. 26.05(g).

[12]*See* Tex. R. App. P. 43.2(c).

As modified, the trial court's judgment is affirmed.

AFFIRMED AS MODIFIED.

HOLLIS HORTON
Justice

Submitted on January 10, 2024
Opinion Delivered February 21, 2024
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.